IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DANIEL R. CASTAGNA,<br><br>                Plaintiff,<br><br>      v.<br><br>WEST MIFFLIN AREA SCHOOL<br>DISTRICT, et al,<br><br>                Defendants. | Civil Action No. 2:18-cv-00894<br><br>Magistrate Judge Lisa Pupo Lenihan<br><br>ECF No. 147, ECF No. 154 |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S COUNTERSTATEMENT OF FACTS
AND ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
COUNTERSTATEMENT**

### I. FACTUAL AND PROCEDURAL BACKGROUND

As set forth in Defendant's Brief in Support of Motion to Strike Portions of Plaintiff's Counterstatement of Facts, ECF No. 148, this action arises between Defendants and Daniel R. Castagna ("Plaintiff"), who was employed by Defendant West Mifflin Area School District ("Defendant" or the "District") prior to his suspension and ultimate termination in 2018.

The parties' most recent filings include the following: On February 3, 2020, the District filed a Motion for Summary Judgment, supported by a Statement of Material Facts, exhibits, and a Brief in Support. (ECF Nos. 129, 130, 131, and 132). Plaintiff filed a Brief in Opposition to the District's Motion, along with a Response to Statement of Facts and Counterstatement of Material Facts ("Counterstatement"). (ECF Nos. 140, 141, 142, and 143). Shortly thereafter, Defendant filed its Motion to Strike Portions of Plaintiff's Counterstatement, ECF No. 147, and

1

Plaintiff filed his Motion for Leave to File Supplemental Counterstatement and Appendix, ECF No. 154. Defendant's Motion to Strike asserts that "numerous paragraphs of Plaintiff's Response and Counterstatement are non-responsive and argumentative, contain inadmissible hearsay, and rely on materials that do not comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure or Rule 56.1 of the Local Rules of this Court." ECF No. 148 at 2.

**II. ANALYSIS**

As this Court has previously observed, Local Rule 56 of the Local Civil Rules of Court for the Western District of Pennsylvania sets forth the requirements with regard to concise statements of material fact and responsive concise statements. LCvR 56.B.1 & 56.C.1. Pursuant to Local Rule 56, a concise statement of material facts shall (1) include facts essential for the court to decide the motion for summary judgment which the moving party contends are undisputed and material; (2) state each material fact in separately numbered paragraphs; and (3) support each statement of fact by a citation to the particular pleading, deposition, answer to interrogatory, admission on file, or other part of the record supporting such statement, acceptance or denial of the material fact. LCvR 56.B.1. *See* Lewis v. Delp Family Powder Coatings, Inc., CIV.A 08-1365, 2010 WL 3672240, at *1 (W.D. Pa. Sept. 15, 2010). *See also* Choy v. Comcast Cable Commc'ns, Inc., CIV. 08-4092 RBK/AMD, 2012 WL 253382, at *3 (D.N.J. Jan. 26, 2012), aff'd sub nom. Choy v. Comcast Cable Commc'ns, LLC, 629 Fed.Appx. 362 (3d Cir. 2015) (citing Tonka and River Road in declining to strike some paragraphs of plaintiff's counterstatement and finding request moot as to paragraphs non-essential to denial of motion for summary judgment). The Court further observes that the party opposing a motion for summary

judgment is permitted, indeed expected, to demonstrate that material issues of fact exist to preclude it.

Rulings on motions to strike are within the sound discretion of the District Court. Moreover, such motions are generally disfavored and infrequently granted. *See, e.g.,* Berry v. Kabacinski, 1:15-CV-169, 2016 WL 3683158, at *2 (M.D. Pa. July 12, 2016), subsequently aff'd, 704 Fed.Appx. 71 (3d Cir. 2017) (providing case and treatise citations and declining to strike statement assertedly "peppered . . . with impermissible explanations and reference to [undisclosed and irrelevant] material").

The Court has reviewed the parties' submissions and found Defendant's objections to Plaintiff's Counterstatement as "replete with references and citations to improper testimonial and documentary evidence" largely unfounded. ECF No. 148 at 3. More particularly:

The documents in Plaintiff's Ex. 47, his counsel's letters to the District's solicitor, are clearly submitted for notice. *See* Plaintiff's Brief in Opposition, ECF No. 153 at 2 ("At trial, Castagna will be able to testify that the letters at issue were sent to Defendant's counsel and that the letters placed Defendant on notice that he retained counsel and was threatening litigation."). *Compare* ECF No. 148 at 3 ("If offered to prove the truth of assertions made in it, the document will need to meet hearsay requirements."). Defendant's objection that submission of Plaintiff's counsel's own correspondence as evidence before this Court should be rejected for want of "authenticat[ion]" is meritless. Defendants make no assertion that the subject correspondence was not received, and an assertion that its receipt was immaterial is appropriate to Defendant's summary judgment pleading rather than a motion to strike. To the extent Ex. 47 is offered to evidence the fact of Defendant's nonpayment of monies owed under the terms of Plaintiff's

3

employment contract, it is a matter likely within Plaintiff's personal knowledge, and he will be given leave to affirm the material facts in a revised Declaration.

Plaintiff's App. Ex. 24, his § 1080 hearing Proposed Findings of Fact and Conclusions of Law, is submitted to show that Plaintiff's termination was pretextual and is appropriate to that purpose. *See* ECF No. 153 at 3 ("[T]hese Facts are properly before the Court because there is record evidence that Defendant's rationale is not worthy of belief."). It is submitted for the fact that Defendant was on notice of asserted flaws in the rationale and conclusions of its hearing at the time; it is admissible evidence of Defendant's knowledge and state of mind. *See id.* (noting that submission of the Proposed Findings is "one way to show the pretextual nature of Defendant's proffered rationale"). The objections raised in ECF No. 148 to legal arguments contained in Plaintiff's briefing in response to Defendant's Motion for Summary Judgment will be addressed, as they should be, when the Court rules on the Motion.

The Court agrees with Defendant that Fact No. 78 "is improper because it is based on Pennsylvania Rule of Professional Conduct 1.4, relating to counsel's obligations to communicate with clients." ECF No. 148 at 4. Plaintiff's asserted entitlement to an inference of knowledge contributes to the merits of his case, but it is not a fact of which this Court may take judicial notice. *Cf.* ECF No. 153 at 5. In the event there is any serious substantive dispute between the parties regarding whether Defendant is charged with the knowledge of its lawyer, it will be addressed in the context of summary judgment. The Court observes that basic premises of agency law are independent of rules of professional conduct.

Defendant's objection to Plaintiff's Declaration as "unsworn" will not be sustained. *See* ECF No. 153 at 5-6 (noting that "[t]he declaration begins with language that he 'swear[s], affirm[s] and say[s] the following'" and was subscribed to under penalty of perjury). To address

4

Defendant's largely substance-less objection to the Declaration's inclusion of language attesting that statements made on personal knowledge are true and accurate "to the best of [Plaintiff's] knowledge", ECF No. 148 at 4, Plaintiff will be given leave simply to remove said language, as he proposes, and refile his Declaration.  *See* ECF No. 153 at 6.  The balance of Defendant's objections to the Declaration, listed as sentence citations to multiple cases of questionable relevance,[1] are properly countered by the response set forth in Plaintiff's Brief in Opposition. *See* ECF No. 153 at 6 (providing citations, including Fed.R.Civ.P. 56(e); Petruzzi's IGA Supermarkets, Inc., v. Darling–Delaware Co., 998 F.2d 1224, 1234 n. 9 (3d Cir.1993)).  At bottom, Plaintiff clearly would be competent to testify to core facts within his personal knowledge.  In response to Defendant's inclusion of assertions as to the merits of summary judgment in its pleadings on a motion to strike, the Court only reminds Defendant that on motion for summary judgment it considers the facts in the light most favorable to the non-moving party.

Defendant's complaints that Plaintiff answered interrogatories after his deposition are much of apiece with the majority of the grounds raised in its briefing.  *See* ECF No. 148 at 6; ECF No. 153 at 7 ("Defendant deposed Castagna for two days on September 23 and 27, 2019, spanning a total of more than 18 hours. It was not until September 30, 2019 – three days after Castagna's deposition concluded – that counsel for the Individual Defendants served Plaintiff with sets of Interrogatories and Document Requests that contain the Interrogatory answers at issue.").  As Plaintiff notes, Defendant's assertion that "[a] litigant may not introduce statements from its own answers to interrogatories" is patently erroneous. *Compare* ECF No. 148 at 6 *with* ECF No. 153 at 7-8 (providing case citations, including, *e.g.*, Spearman v. Pennsylvania Dep't of

---

[1] *See, e.g.*, ECF No. 148 at 5 ("An affidavit that is essentially conclusory . . . is inadequate to satisfy the movant's burden.").

Transportation, 2019 WL 913641, at *3 (W.D. Pa. Feb. 25, 2019); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  In addition, Defendant's two cited cases are misstated and inapposite; Plaintiff introduces answers that are neither "merely suppositions . . . made at the outset of her case" nor "mere allegations unsupported".  *Cf.* ECF No. 148 at 6.  Defendant's only objection of any merit appears to be that the averments of Plaintiff's Answers to Interrogatories were conditioned.  To the extent that facts in the answers at issue are within Plaintiff's personal knowledge, he will be given leave to supplement his Declaration to state that the particular averments are true and correct without caveat such as "to the best of his knowledge".  Plaintiff will also be given leave to add six identified deposition cites as additional Record cites in accordance with his request.  *See* ECF No. 153 at 8.

     Defendant next contends that portions of Plaintiff's Counterstatement should be stricken as related to "new legal theories" and new "claims that his protected political activity went beyond his opposition to" a particular candidate in a particular State political election.  ECF No. 148 at 6-7.  A plaintiff is not permitted to make a new claim in his counterstatement of material facts, nor is he required to plead evidence in his complaint.  He is, however, expressly permitted to set forth in his counterstatement the evidence that is, viewed in the light most favorable to him, material to his existing claims.  Defendant's assertions to the contrary notwithstanding, Plaintiff's Complaint alleges discord and enmity toward him because of his "political affiliations" and "failure to support certain political candidates".  Its specific allegations encompass broader political alignments than those of a particular State office campaign, and include the politics of school board elections.  *See* ECF No. 153 at 9; ECF No. 104.[2]  Consideration of the proffered facts in support of his claim will therefore be neither improper nor

---

[2] As Plaintiff notes, he was extensively deposed.  *See generally* ECF No. 153.

prejudicial to Defendants.  *Cf.* ECF No. 148 at 6-7 (citing cases in which, *e.g.*, the plaintiff was "precluded from asserting a new theory of liability at summary judgment" where defendant "would face different burdens and defenses" or "raising numerous new allegations in her affidavit in support of her claims" not "even alluded to in her complaint").

Defendant's final objection is to fact paragraphs supported solely by Plaintiff's pleading allegations.  ECF No. 148 at 8.  To the extent a paragraph of Plaintiff's Counterstatement lacks any evidentiary support, Plaintiff will be given leave to (1) add identified deposition testimony as additional Record cites in accordance with his request and (2) include support in his revised Declaration as to facts within his personal knowledge.  *See* ECF No. 153 at 10.

In closing, the Court observes that the purpose of a concise statement of material facts and responsive concise statement under Local Rule 56 is to provide a mechanism by which courts can expeditiously determine what, if any, material facts are in dispute.  The parties should not lose sight of this purpose.  Involving the Court in matters that are facially frivolous, lacking in substance, or which should be resolved among counsel is an ineffective use of the Court's time and resources. Moreover, interspersing opinions, commentary and/or arguments related to summary judgment in filings on a motion to strike is inappropriate.  To the extent any facts are immaterial, the Court will not give them weight in determining summary judgment.

### III. **ORDER**

Therefore, for the reasons set forth above, the Court enters the following Order:

**IT IS ORDERED** this _20th__ day of May, 2020, that Defendant's Motion to Strike, ECF No. 147, is **GRANTED** as to Paragraph 78 of Plaintiff's Counterstatement of Material Facts, ECF No. 143, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Supplemental Counterstatement, ECF No. 154, is **GRANTED**, and that Plaintiff is given leave to supplement said Counterstatement and Appendix, to include Plaintiff's revised Declaration, within 15 days of this Order, and all in accordance with that Motion and the Court's directives herein.

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record