IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL R. CASTAGNA, | Civil Action No. 2:18-cv-00894 |
| Plaintiff, | Magistrate Judge Lisa Pupo Lenihan |
| v. | ECF No. 171 |
| WEST MIFFLIN AREA SCHOOL DISTRICT | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**
**ON PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT**

**I. Procedural History**

Currently before the Court is the Motion to Strike Defendant's Expert Report prepared by Ira Weiss ("Weiss"), of the law firm Weiss Burkardt Kramer LLC, on August 28, 2020 (the "Weiss Report"). ECF No. 171. Defendant states that the Weiss Report "addresses two topics: 1) the process and procedures followed by the District when it suspended Plaintiff . . . with and without pay and terminated his employment ("Process and Procedure Opinion"); and 2) the potential impact of Plaintiff's own conduct on his ability to remain employed as a Superintendent in the Commonwealth of Pennsylvania ("Employability Opinion")." ECF No. 174 at 1. And it concludes that (1) "[t]he manner in which the District's" investigation, hearing, voting and other processes and procedures were conducted "was consistent with what is required in

1

Pennsylvania"; and (2) "[i]t is unlikely Plaintiff could remain employed in the Commonwealth as a Superintendent in light of his DUI arrests, irrespective of" Defendant's public disclosures or termination of his employment. *Id.* at 1-2.  Plaintiff's assertions that the Report should be stricken include that it impermissibly offers legal conclusions, the opinions rendered will not assist the jury, and it would be unduly prejudicial.  Defendant defends the submission of the Report as meeting the requirements of Federal Rule of Evidence 702, otherwise proper and helpful to the jury, and appropriate in response to Plaintiff's claims.

## II. <u>Discussion</u>

Federal Rule of Evidence 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.

The Third Circuit has described the requirements of the Federal Rules of Evidence as a "trilogy of restrictions on expert testimony:  qualification, reliability, and fit."  *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316 (3d Cir. 2003).  "Qualification", a requirement liberally interpreted by courts, refers to the specialized expertise of the expert. *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 741-743 (3d Cir. 1994).  "Reliability" requires that a proffered expert's testimony "must be based on the

methods and procedures of science rather than on subjective belief or unsupported speculation." *Id.* The "ultimate touchstone is helpfulness to the trier of fact, and with regard to reliability, helpfulness turns on whether the expert's technique or principle [is] sufficiently reliable so that it will aid the jury in reaching accurate results." *Id*. at 745. "Fit" means that the expert testimony must fit the issues in the case by being relevant and assisting the trier of fact. *Id.*

Determination of the admissibility of expert testimony on a particular issue is left to the discretion of the trial court. *First Nat'l State Bank of New Jersey v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981). In considering whether to permit particular expert testimony, a District Court must limit said testimony as appropriate to prevent the expert's offering an opinion on "what the law required" or "testify[ing] as to the governing law." *United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991).  Indeed, as our Sister Court for the Southern District of New York has explained: "The rule prohibiting experts from providing their legal opinions or conclusions is so well established that it is often deemed a basic premise or assumption of evidence law - a kind of axiomatic principle. . . .  [E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Public Offering Lit*., 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (internal quotations omitted) (collecting cases).  *See also Berkeley Inv. Grp., Ltd. v. Colkitt,* 455 F.3d 195, 217 (3d Cir. 2006) ("[T]he District Court must ensure that an expert does not testify as to the governing law of the case.").  *See generally Coregis Ins. Co. v. City of Harrisburg*, CIV.A. 1:03-CV-920, 2005 WL 2990694, at *1–2 (M.D.

3

Pa. Nov. 8, 2005) (striking expert report which, rather than providing "objective analysis of purely factual issues" was "awash in legal conclusions" and "filled with legal argument").[1]

In considering the Weiss Report, the Court finds *Peters v. Baltimore City Bd. of Sch. Comm'rs*, CIV. WMN-13-3114, 2014 WL 4187307 (D. Md. Aug. 21, 2014) highly informative.  In *Peters*, Defendant obtained the expert report of Ms. Haag–Hatterer, an attorney who was also qualified and employed as a human resource professional.[2] Haag–Hatterer had "expertise in formulating, adopting and consistently applying federal and state regulations and best practices" and her report provided "an overview of the law and relevant statutes regarding [the] dispute."  After noting that Haag–Hatterer failed to explain how she reached her conclusions that defendant "violated the

---

[1] Here, as in *Coregis*, the Court concludes that the Weiss Report includes "inappropriate legal conclusions" about the proper legal interpretation of facts in issue. It "strays from offering expert opinion of factual issues into an impermissible effort to advise this Court about pure legal questions regarding the application of Pennsylvania law . . . ."  Here also, as in *Coregis*, portions of the proffered expert report containing legal analysis would be more appropriately placed in Defendant's briefs by Defendant's counsel.  *See Coregis*, 2005 WL at *5.  *See* discussion, *infra*.

[2] The Court notes that its review of the case law suggests it is more usual to employ someone who holds an institutional personnel role, such as Haag-Hatterer  – rather than an "Education & Municipal" legal practitioner, such as Weiss - as an expert to assist the jury in understanding the factual process and procedures of employment decisions in a particular institutional context.  Well-qualified legal practitioners are more generally added to civil rights employment litigation as counsel.

statutes at issue" or how they were specifically informed by her experience,[3] the Court went on to conclude that:

> Even assuming that her opinion was sufficiently reliable, however, the majority of her testimony, as set forth through her expert report, would nonetheless be inadmissible. Under Federal Rule of Evidence 704, expert testimony as to legal conclusions is generally inadmissible. See, e.g., *Sun Yung Lee v. Clarendon*, 453 F. App'x 270, 278 (4th Cir. 2011) ("While expert witnesses may testify as to the ultimate matter at issue, Fed.R.Evid. 704(a), this refers to testimony on ultimate facts; testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored." (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1237 (10th Cir. 2007))); *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible.").

2014 WL 4187307, at *7.

The *Peters* Court observed that, assuming it would mirror her report, Haag–Hatterer's proposed testimony "impermissibly invade[d] the province of both the judge and the jury" by "tell[ing] the jury what result to reach, in her capacity as an attorney and human resources professional, and as a result of her purported expertise in applying the aforementioned statutes." *Id.* (citing *United States v. Chapman*, 209 F. App'x

---

[3] "In short, her opinion largely asks the Court and the jury to take her word for the conclusions that she reaches." *Id*.

The Court makes the same observations with regard to the Weiss Report. It concurs with Plaintiff's assertion that the Report fails to provide much meaningful support – through, *e.g.*, specificity of experiential information – for its conclusions. The Court also notes that Weiss' C.V. suggests more specialization in his "decades of experience with collective bargaining for school districts" or "training professional educators" than the matter at hand; and although his qualification is largely undisputed (*cf.* ECF No. 172 at 10 regarding qualifications to speak to job search), his experienced-based expert opinions must of course be substantiated.

253, 269 (4th Cir. 2006) ("Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it. When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).

The Court concluded, however, that "although Haag–Hatterer's report contain[ed] multiple" unreliable assertions and/or impermissible legal conclusions, some portions might be admissible. It thus found it "premature, as Haag–Hatterer ha[d] not yet been deposed, to strike her opinion in its entirety." The Court determined to grant the Motion to Strike in part, holding that:

> Haag–Hatterer will not be permitted to testify regarding her 'overview' of the relevant statutes or the state of the law, nor will she be permitted to offer any legal conclusions, as those are impermissible because they are unreliable and invade the province of the jury. To that extent, her expert report will be stricken. More generalized testimony regarding factual—not legal—conclusions related to her human resources experience, however, may be admissible. Plaintiff is cautioned, however, that the Court is reserving its determination as to the admissibility of Haag–Hatterer's factual conclusions, that the bulk of her expert report is troublesome, and that, should her deposition testimony offer the same type of analysis as discussed above, her testimony is likely to be stricken in its entirety. Thus, pending Haag–Hatterer's deposition testimony, it may be appropriate to revisit this issue as a trial date nears.

2014 WL 4187307, at *8.

This Court is largely in accord with the holding in *Peters* for reasons set forth therein.[4] It will, however, be more lenient in its exercise of discretion, and deems it appropriate to permit testimony both of (a) a supported factual overview of the usual processes and procedures drawn from/related to Weiss' identified experience in school district/school board suspension and termination procedures, and (2) a general statement of the relevant unambiguous and undisputed-as-a-matter-of-law statutory provisions and law related to the processes and procedures applicable to the present

---

[4] The Court observes that, Defendant's assertions to the contrary notwithstanding, it finds *Siring v. Or. State Bd. of Higher Educ.*, importantly distinguishable from the case at hand.  In *Siring*, the expert permitted to testify "in the tenure-review, evaluation, and termination processes and policies of the Oregon State University System" was a member of faculty and personnel committees in the same Oregon State University System, held professional appointments on educational policy and management, and had extensive scholarly activities/publications in relevant research areas, all of which qualified her to opine about tenure-track faculty evaluation and review policies and procedures.  That is, she was not a legal practitioner substantially opining on the law.  *Cf.*  ECF No. 174 at 10-12 (discussing *Siring v. Or. State Bd. of Higher Educ.*, 927 F.Supp.2d 1069 (D. Or.  June 11, 2013).

The *Siring* Court also pointedly observed that the expert report included "numerous examples of her personal observations and experience with how tenure-track reviews are actually conducted", and noted the expert's reliance on extensive personal experiences in all aspects of the tenure policies, evaluations, recommendations, decisions, grievances, and appeals, in reaching her conclusions – in support of Plaintiff's discrimination claims - that the defendant had failed to follow the Systems' standards.  In concluding that the expert did not "displace the court's role of explaining the law to the jury", the Court emphasized that, although relying "in part on [an] understanding of [and referring to] state law", the report "discusse[d] her personal experience serving on the University of Oregon's personnel committees and advising other universities on personnel issues [and the expert] then compares how [defendant's] treatment of Siring differs from her personal experiences. "  927 F.Supp.2d at 1075–76.  In other words, the expert's qualifications, experience and proffered opinion were grounded in and an expression of her accumulation of factual information and derivative opinions regarding the usual tenure practices and procedures of her own University System.

case.[5]  The Court will permit limited testimony as to the latter as it concludes such statement will be informative of matters beyond the common knowledge of the average layperson.  It will therefore be helpful to the jury's understanding in advance of the jury instructions to be issued at the close of trial.

In closing, the Court notes that a significant portion of the Weiss Report is comprised not only of impermissible legal testimony, but recitations and/or characterizations of other evidence that are unnecessary to his expert opinion testimony and inappropriate.  *See, e.g.*, Weiss Report, Section III, <u>Discipline of a Superintendent</u>; Section IV, <u>Compliance with School Code</u>.  It also notes that a qualified opinion on the continuing Commonwealth employability of a supervisor with a particular criminal record, limited to factual statements and opinions of relevant considerations and outcomes and substantiated from specialized knowledge/experience, is not precluded by Federal Rule of Evidence 404(a)(1) (as character evidence) and is pertinent to Plaintiff's damages claim. *Cf.* ECF No. 174 at 15-18.  And finally, it finds that the Weiss Report, properly limited, will not be precluded by Federal Rule of Evidence 403, as one in which the "probative value is substantially outweighed by the danger of unfair prejudice."  *Id.* at 18.

---

[5] Statements or summations of the law of "Teacher Tenure", for example, are distinguished.  *See* Weiss Report, Section III, <u>Discipline of a Superintendent</u>.

### III. ORDER

For the reasons set forth above, the Court enters the following Order:

**IT IS ORDERED** this 23rd day of November, 2020, that Plaintiff's Motion to Strike the Weiss Report be **GRANTED IN PART** in that, to the extent the Weiss Report (a) analyzes or interprets the law, or offers legal opinions or conclusions; or (b) recites, summarizes or characterizes other evidence beyond that integral to its statement of qualified expert opinion, it is **STRICKEN** and Weiss will not be permitted to testify as to those issues. The Court reserves further particularized determinations at this time, and pending Weiss' deposition testimony, further review of the admissibility of Weiss' evidence may be made as warranted on a date closer to trial.

By the Court:

/s/Lisa Pupo Lenihan___
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record